UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMOS FINANCIAL LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-00234-X |
| | § | |
| ACCEL INTERNATIONAL INC. | § | |
| and RAVI KUMAR DOKKU, | § | |
| | § | |
| *Defendants.* | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Amos Financial, LLC's (Amos) motion to remand [Doc. No. 5] and the defendants' motions for leave to file an amended notice of removal [Doc. Nos. 7, 8]. The Court **GRANTS** the motions for leave to file amended notices of removal, and for the reasons explained below, the Court **GRANTS** the motion to remand and **REMANDS** this case to the 298th Judicial District Court of Dallas County, Texas.

### I. Factual Background

Amos sued Accel International, Inc. (Accel) and Ravi K. Dokku in Dallas County District Court on September 10, 2021. On February 1, 2022, the defendants removed to this Court, citing diversity of citizenship as the basis for this Court's subject matter jurisdiction. The defendants' original notice of removal failed to properly allege Amos's citizenship, and the Court ordered the defendants to file an amended notice of removal that properly alleged diversity of citizenship in conformity

1

with 28 U.S.C. § 1332 or face dismissal.[1] The same day, Amos moved to remand. The defendants filed an amended notice of removal and request for leave to file the amended notice after the Court's 21-day deadline [Doc. No. 7]. A little over two weeks later, Accel filed a second amended notice of removal, requesting leave to do so in a footnote. The Court grants leave and will consider the second amended notice insofar as it "set[s] out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice."[2] The same day, the defendants responded to Amos's motion to remand, past the deadline. Although the defendants' response was untimely, the Court will consider it.

## II. Legal Standards

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."[3] However under the so-called forum-defendant rule,[4] a "civil action otherwise removable solely on the basis of [diversity] jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[5]

---

[1] Doc. No. 4.

[2] *A & C Disc. Pharmacy L.L.C. v. Prime Therapeutics LLC*, No. 3:16-CV-0429-D, 2016 WL 3194332, at *4 (N.D. Tex. June 9, 2016) (Fitzwater, J.) (cleaned up).

[3] 28 U.S.C. § 1441(a).

[4] *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020) (quoting 28 U.S.C. § 1441(b)(2)).

[5] 28 U.S.C. § 1441(b)(2).

Further, Section 1446(b)(1) requires the notice of removal to

> be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.[6]

The removal statutes are strictly construed, and any doubts are resolved in favor of remand.[7] "[A] defendant who does not timely assert the right to removal loses that right."[8]

### III. Analysis

Amos makes three arguments for remand: (1) the defendants' notice of removal is untimely; (2) Accell is a citizen of Texas, making this case un-removable under the forum-defendant rule; and (3) the defendants have not established that complete diversity exists.[9]

The Court first turns to Amos's argument for remand under the forum-defendant rule because it is dispositive. The Court notes that although the defendants have not properly alleged the parties' citizenship,[10] even if the Court

---

[6] *Id.* at § 1446(b)(1).

[7] *See Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

[8] *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).

[9] Amos made this last argument in its motion before the defendants' filed their amended notice of removal. Amos did not pursue this argument in its reply brief, although, as the Court mentions below, the defendants' second amended notice of removal still contains pleading defects.

[10] The defendants allege that Amos's "only member is Ohannes Korogluyan, who is a resident of Illiniois." Doc. No. 8 at 2. For the purpose of determining diversity jurisdiction, "[c]itizenship and residency are not synonymous." *Brooks v. Wells Fargo Bank, N.A.*, No. 3:15-CV-245-L, 2015 WL 390674, at *2 (N.D. Tex. Jan. 29, 2015) (Lindsay, J.) (quoting *Parker v. Overman*, 59 U.S. 137 (1855)); *see also Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399 (1925) (allegations of residency, rather than of citizenship, are inadequate to invoke court's jurisdiction). Additionally, Accel alleges that it is a citizen of Texas but does not state its place of incorporation or principal place of business. *See Ill.*

3

allowed the defendants to file a third-amended notice of removal to cure the pleading deficiencies and complete diversity was established, remand would still be required under the forum-defendant rule.

"Removal of a case in violation of the forum-defendant rule renders the removal procedurally defective and provides a basis for remand where the issue [is] timely raised."[11] Amos timely filed its motion to remand raising this issue. The defendants do not dispute that Accel is a citizen of Texas, but they contend that the defendant-forum rule does not apply because Accel was not "properly joined and served" as required by section 1441(b)(2). Amos argues that the defendants' argument fails because the defendants filed an answer in state court, making service of process unnecessary. By filing answers, Amos contends that the defendants waived service of process under Texas law. The defendants do not contest the fact that they filed answers in state court but maintain that they still must be "properly served" under the statute.

Courts in this district have found that where a defendant has answered in state court, under Texas law, the defendant is properly served for purposes of the removal

---

*Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983) (holding that "a complaint properly asserting diversity jurisdiction must state both the state of incorporation *and* the principal place of business of each corporate party."). Although it claims in its response brief that it "is a citizen of Texas and does not have its principal place of business in the same state as any member of Plaintiff," Doc. No. 9 at 5, "[t]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Mullins v. Testamerica Inc.*, 300 F. App'x 259, 260 (5th Cir. 2008) (cleaned up).

[11] *Nat'l Collegiate Student Loan Tr. 2006-3 v. Richards*, No. 3:16-CV-1936-M, 2016 WL 4533216, at *2 (N.D. Tex. Aug. 30, 2016) (Lynn, C.J.).

statute, making remand appropriate under the forum-defendant rule.[12] Indeed, Texas Rule of Civil Procedure Rule 121 "clearly states that an appearance is sufficient to constitute service."[13] The defendants made an appearance in state court by filing their original answer.[14] Therefore, they were "properly served" and remand under the forum-defendant rule is appropriate.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the defendants' motions for leave, **GRANTS** the plaintiff's motion to remand, and **REMANDS** the case to the 298th Judicial District Court of Dallas County, Texas.

**IT IS SO ORDERED** this 17th day of June, 2022.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[12] *See, e.g., Nat'l Collegiate Student Loan Tr. 2006-3*, 2016 WL 4533216, at *2 (remanding on the basis of the forum-defendant rule where the forum-defendant argued that he was never served but filed an original answer in state court); *Gibson v. Liberty Ins. Corp.*, No. 3:16-CV-3099-B, 2017 WL 3268028, at *10, n.13 (N.D. Tex. July 31, 2017) (Boyle, J.) ("All of the defendants answered, and thus were 'properly joined and served,' in the state court prior to [the defendant's] filing its Notice of Removal.").

[13] *Davis v. Cash*, No. 3:01-CV-1037-H, 2001 WL 1149355, at *2 (N.D. Tex. Sept. 27, 2001) (Sanders, J.).

[14] The defendants original answer contains only a general denial. *See* Doc. No. 1-4 at 25. However, this does not change the analysis. A "general denial constitutes an answer pursuant to Texas state law." *King v. Select Portfolio Servicing, Inc.*, No. 4:18-CV-825, 2019 WL 1951455, at *2 (E.D. Tex. May 2, 2019); TEX. R. CIV. P. 85 ("The original answer may consist of motions to transfer venue, pleas to the jurisdiction, in abatement, or any other dilatory pleas; of special exceptions, of general denial, and any defense by way of avoidance or estoppel, and it may present a cross-action, which to that extent will place defendant in the attitude of a plaintiff."). "Moreover, Texas cases liberally construe responsive filings as answers." *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 975 (5th Cir. 2015), *as revised* (May 15, 2015) (citing *Smith v. Lippmann*, 826 S.W.2d 137, 137 (Tex. 1992)).